**SULAIMAN LAW GROUP, LTD.**
Alexander J. Taylor, Esq.
California Bar No. 332334
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDELIZA P. DE LOS SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 3:21-cv-01694<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Edeliza P. De Los Santos ("Plaintiff"), by and through the undersigned counsel, complaining of I.Q. Data International, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of California, and Defendant conducts business in the Northern District of California and maintains significant business contacts in the Northern District of California.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of California.

6. Defendant is a business entity engaged in the collection of debts within the State of California. Defendant is incorporated in the State of Washington.

7. The principal purpose of Defendant's business is the collection of defaulted debts allegedly owed to third parties.

**FACTS SUPPORTING CAUSES OF ACTION**

8. Prior to the conduct giving rise to this cause of action, Plaintiff leased an apartment.

9. Due to financial difficulty caused by the COVID-19 pandemic, Plaintiff ended her lease early, resulting in fees due to her landlord ("subject debt").

10. Plaintiff was unable to make payments and defaulted on the subject debt.

11. Defendant acquired the rights to collect upon the subject debt after it was in default.

12. On or around February 23, 2021, Plaintiff received a call from Defendant at her work phone number.

13. Defendant informed Plaintiff that it was attempting to collect upon the subject debt.

14. Plaintiff stated that Defendant could not call her at work because she was not allowed to take personal calls at work.

15. Defendant's representative, Shannon, stated that Defendant could call her at work and garnish her wages if she did not cooperate.

16. Plaintiff reiterated that she could not speak to Defendant at work and stated that

2

she would call back later.

17. When Plaintiff called back, Shannon attempted to persuade Plaintiff to pay off the subject debt by taking out a personal loan or applying for a credit card.

18. Plaintiff stated that she had bad credit and would likely be denied for a personal loan or credit card, thus harming her credit even further.

19. Shannon was unconcerned about potentially damaging Plaintiff's credit and informed Plaintiff that Defendant could not work with her unless she submitted a rejection letter showing she was unable to obtain a loan or credit card.

20. Plaintiff felt uncomfortable with Shannon's attempts to coerce her into actions that may damage her credit, so she ended the call.

21. Soon thereafter, Plaintiff also began receiving phone calls from Defendant to her cellular phone number (925) XXX-2473, attempting to collect the subject debt.

22. Defendant has used the phone numbers (888) 248-2509 and (925) 396-1600 to place phone calls to Plaintiff's work and cellular phones, but upon information and belief, it may have used additional phone numbers to contact Plaintiff.

23. At no time did Defendant send Plaintiff any correspondences notifying her of her rights pursuant to 15 U.S.C. §1692g. Specifically, Plaintiff never received any correspondences from Defendant, as it was required to send Plaintiff within 5 days of the initial communication.

**DAMAGES**

24. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

25. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

26. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful

attempts to collect the subject debt.

27. Defendant's harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, waiting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, harassment, emotional distress, anxiety, and loss of concentration

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

30. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

33. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

34. Defendant violated 15 U.S.C. §§1692c(a)(3), e, e(10), f, and g through its unlawful debt collection practices.

   **a. Violations of FDCPA §1692c**

35. Defendant violated §1692c(a)(3) when it called Plaintiff at work and attempted to

collect upon the subject debt. Furthermore, Defendant's representative insisted that Defendant could continue to place calls to her work phone number even after Plaintiff stated that she was not allowed to talk to Defendant while she was working.

### b. Violations of FDCPA §1692e

36. Defendant violated §§1692e and e(10) by engaging in false, deceptive, and misleading conduct in its attempt to collect on the subject debt. Specifically, Defendant misleadingly threatened to continue calling Plaintiff's work and garnish her wages when Plaintiff stated that she could not talk to Defendant while she was working. Defendant's representative Shannon also stated that Defendant could not work with her unless Plaintiff applied for a personal loan or credit card to pay off the subject debt. When Plaintiff stated she was concerned about being denied, Shannon continued to push Plaintiff to take these actions despite the potential damage they could cause to Plaintiff's credit.

### c. Violations of FDCPA §1692f

37. Defendant violated §1692f by using unfair and unconscionable means in attempt to collect the subject debt. Defendant's representative Shannon tried to convince Plaintiff that Defendant would garnish her wages and call her at work unless she applied for a personal loan or credit card, even though there was a strong likelihood Plaintiff would be denied and suffer further damage to her credit. Shannon ignored Plaintiff's concerns about damaging her credit and insisted that Defendant could not work with her unless she provided proof of rejection for a loan or credit card.

### d. Violations of FDCPA § 1692g

38. Defendant violated § 1692g through its initial communication by failing to properly inform Plaintiff of her rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through

its initial communication demanded payment on the subject debt from Plaintiff and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within 5 days of the initial communication.

39. As an experienced debt collector, Defendant knew or should have known the ramifications of not sending a validation notice within 5 days of the initial communication pursuant to § 1692g.

40. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

41. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, EDELIZA P. DE LOS SANTOS respectfully requests that this Honorable Court:
  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

44. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

45. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

46. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

47. As outlined above, through their conduct in attempting to collection upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692c, e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

48. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b)

**WHEREFORE**, Plaintiff, EDELIZA P. DE LOS SANTOS, respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
   c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
   d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
   e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

| | |
|---|---|
| Date: March 10, 2021 | Respectfully submitted,<br><br>By: */s/ Alexander J. Taylor*<br>Alexander J. Taylor, Esq.<br>California Bar No. 332334<br>Sulaiman Law Group, Ltd.<br>2500 S. Highland Ave, Suite 200<br>Lombard, IL 60148<br>Phone: (630) 575-8181<br>ataylor@sulaimanlaw.com<br>*Counsel for Plaintiff* |